Jaroma v. Cunningham                    CV-94-601-JD  06/05/96
                    UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


Al Jaroma

        v.                                    Civil No. 94-601-JD

Michael Cunningham, Warden,
New Hampshire State Prison


                              O R D E R


        The petitioner, Al Jaroma, brought this pro se action under

28 U.S.C. § 2254 contesting the constitutionality of his

conviction in state court for burglary.  By order of November 14,

1995, the court granted the defendant's motion for summary

judgment on all of the petitioner's claims except those alleging

ineffective assistance of counsel and improper voir dire.  Before

the court is the defendant's motion for summary judgment on these

remaining issues (document no. 40).[1]

---

[1]The court does not consider the petitioner's claim that
newly discovered evidence warrants his release from custody.
Although the petitioner's legal memoranda and an addendum to his
petition for habeas corpus both refer to an anonymous letter
written by a Hooksett, New Hampshire resident, the petitioner has
only filed a cover letter that accompanied the allegedly
exculpatory letter, and has not filed a copy of the allegedly
exculpatory letter itself with the court.

        The court also notes that it does not appear that the
petitioner has litigated the new evidence claim in state court.
Had the new evidence claim actually been presented in the instant
petition, the court would have been prevented from considering
any of the issues that the petitioner has raised.  See Tart v.
Massachusetts, 949 F.2d 490, 494 (1st Cir. 1991) (habeas

## Background

The petitioner was arrested for loitering and prowling on June 20, 1989, when an Allenstown, New Hampshire, police officer saw him drive out of the parking lot of several businesses. When it was discovered that one of the businesses had been robbed, the officer obtained a warrant to search the petitioner's car, and discovered evidence suggesting that the petitioner had committed the burglary. Jaroma was charged under the loitering and prowling statute and later was charged with burglarizing the convenience store. The loitering charge was dismissed when a district court judge found that the police officer did not have valid grounds to stop and arrest the petitioner.

Prior to trial on the burglary charge, the petitioner's first counsel filed a motion to suppress contesting the validity of the arrest and the subsequent search on the ground that the police officer had no basis for making an investigatory stop. This motion was denied. The petitioner's second counsel, Paul Twomey, who represented the petitioner at trial, filed two motions to suppress claiming that the arrest was pretextual and that the application for a search warrant contained material

_____

petitioner must exhaust state remedies for all claims; if any claim is presented that has not been exhausted, petitioner must dismiss unexhausted claims or seek disposition of them in state court) (citing Rose v. Lundy, 455 U.S. 509, 520 (1982)).

2

misrepresentations.  Both motions were denied.  Although an eyewitness claimed that the petitioner's car was searched before the police obtained a warrant, Twomey did not file a motion to suppress on this ground.

Following his conviction, the petitioner appealed his conviction to the New Hampshire Supreme Court, which affirmed the conviction on all the grounds that the petitioner presented.  The petitioner also brought a motion for a new trial alleging ineffective assistance of Attorney Twomey.  At a hearing on this motion, the petitioner stated that he was confining his ineffective assistance claim to Twomey's failure to object to the search of his car before a warrant was procured, Twomey's failure to object to the introduction of irrelevant and inadmissible evidence at trial, and Twomey's general inaccessibility.  The motion was denied, and the denial was affirmed by the New Hampshire Supreme Court.  The petitioner subsequently brought a pro se petition for habeas corpus in state court alleging, inter alia, that Twomey knew that the police were giving false testimony, yet failed to bring this to the attention of the jury.  The ineffective assistance of counsel claim was denied on the ground that the petitioner had failed to raise the argument in his motion for a new trial.  The New Hampshire Supreme Court

3

summarily affirmed the order.  On November 29, 1994, Jaroma filed the instant habeas corpus petition.

## Discussion

The court may only grant a motion for summary judgment where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

### A.    Ineffective Assistance of Counsel

In support of his claim of ineffective assistance of counsel, the petitioner claims that counsel failed to (1) investigate his claim; (2) inform the jury that certain testimony was false; and (3) challenge the validity of the search and the search warrant effectively.[2]

---

[2]The petitioner also claims that he received ineffective assistance of counsel from Attorney Bruce Kenna in collaterally attacking his conviction on the basis of Twomey's ineffective assistance.  However, his argument rests on the erroneous premise that he is entitled to the assistance of counsel in a collateral attack on a state conviction.  See Murray v. Giarratano, 492 U.S. 1, 7-10 (1989); Pennsylvania v. Finley, 481 U.S. 551, 556-57 (1987); see also Coleman v. Thompson, 501 U.S. 722, 755 (1991) ("Finley and Giarratano established that there is no right to counsel in state collateral proceedings.").  Accordingly, the petitioner's claims are dismissed to the extent they are based on

4

In order to sustain a claim of ineffective assistance of counsel, the petitioner must show "both that trial counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was so prejudicial as to undermine confidence in the outcome of the trial." Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 688-89 (1984)). The court's inquiry into the reasonableness of counsel's performance must be highly deferential, and the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. (quotation marks omitted). In order to satisfy the "prejudice" prong, the petitioner "must affirmatively prove `a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'. . . ." Id. (quoting Strickland, 466 U.S. at 694).

---

any ineffective assistance that Attorney Kenna provided.

The court also notes that the petitioner appears not to have brought every aspect of his ineffective assistance claim to the New Hampshire Supreme Court. However, Jaroma need not litigate all of these claims in state court before raising it here because the state courts would decline to consider it. See Jaroma v. Cunningham, No. 93-E-694, slip op. at 5 (N.H. Sup. Ct. Feb. 7, 1994). Under these circumstances, express exhaustion is not required. See Coleman v. Thompson, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion.").

### 1. Failure to Investigate

The petitioner claims that Twomey failed to investigate the credibility of the police officers who testified. The claim is belied by the record. On June 12, 1990, Twomey filed a motion for exculpatory evidence seeking, inter alia, personnel records of two Allenstown police officers, all internal investigative and disciplinary reports related to these officers, and all materials related to one of the officer's departure from the police department. The motion was granted two days later, and the state was ordered to produce these documents. See Jaroma v. Cunningham, No. 93-E-694, slip op. at 4 (N.H. Sup. Ct. Feb. 7, 1994). The court finds that Twomey's pretrial discovery of the police officers' credibility fell within the realm of reasonableness mandated by Strickland.

### 2. Failure to Inform Jury of Witnesses' Lack of Credibility and Make Use of Exculpatory Evidence

The petitioner next claims that Twomey failed either to attack the credibility of police witnesses or to inform the jury that certain evidence presented at trial was false. However, by order of February 7, 1994, the New Hampshire Superior Court ruled that the petitioner's ineffective assistance claim based on this argument was procedurally barred. The court noted that the petitioner had failed to raise this aspect of his ineffective

6

assistance claim either on direct appeal or in his first motion for a new trial, even after the court asked him if he wished to redefine the scope of his ineffectiveness claim. See Jaroma v. Cunningham, No. 93-E-694, slip op. at 5 (N.H. Sup. Ct. Feb. 7, 1994). The court finds that the petitioner's waiver of this claim in state court is an adequate and independent ground for denying relief, and that the petitioner has failed to demonstrate cause for waiving his claims or prejudice arising therefrom. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).[3]

### 3. Validity of the Search and Search Warrant

The petitioner's third claim is that Twomey failed to file a motion to suppress evidence seized from his car on the ground that the search was carried out before a warrant was obtained.[4]

---

[3]The court also notes that the petitioner's assertions are not supported by the trial record, which reveals that Twomey vigorously cross-examined the state's witnesses, including the arresting officer.

[4]The petitioner also raises two other claims related to Twomey's handling of the search of his car, and raises a third argument contesting the validity of the warrant. First, he contends that Twomey unnecessarily "relitigated" the district court's ruling that the stop and arrest of the petitioner was invalid. The court addressed and dismissed this claim in its November 15, 1995, order. Second, the petitioner claims that the affidavit in support of the warrant to search his car contained material misrepresentations, and that Twomey failed to move for suppression on this ground. However, the record indicates that an evidentiary hearing was held on August 29, 1989, and that the Superior Court (Mohl, J.) denied the petitioner's motion to

However, Twomey has testified that the witness who claimed to have seen the police illegally enter the petitioner's car was neither credible nor willing to testify, and that he believed the motion would be denied and would diminish the chances of his other suppression motions being granted. See State v. Jaroma, No. 89-S-539-F, slip op. at 3 (N.H. Sup. Ct. April 2, 1993).

The record indicates that Twomey assessed the witness' credibility and her unwillingness to testify, and, based on this assessment, decided not to file a motion to suppress. The court also notes that Twomey was able to introduce the eyewitness account of the search at trial as evidence of the petitioner's theory of the case, i.e., that the police gained entrance to the petitioner's car before carrying out their search warrant, and thereby framed the petitioner. The court finds that Twomey's

---

dismiss on precisely this ground, determining that the officer who applied for the warrant did not know that any of the statements in the warrants were false. See State v. Jaroma, No. 89-S-539-F, slip op. at 7 (N.H. Sup. Ct. Jan 18, 1990). Finally, the petitioner claims that the warrant was invalid because it sought permission to seize tools ordinarily used in burglaries, even though there was no evidence in the police report that any of these tools were actually used in the burglary. However, it is well settled that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494-95 (1976). To the extent the petitioner alleges that Twomey failed to advance a Fourth Amendment claim on the basis of the warrant's scope, the court finds that the petitioner has failed to satisfy either prong of the Strickland test.

decision was reasonable under the circumstances that existed, and did not fall beneath the standard of competence mandated by Strickland.

The court has considered the remainder of the petitioner's ineffective assistance claims and finds them to be without merit. The court grants summary judgment to the respondent on the petitioner's ineffective assistance of counsel claim.

B.  Voir Dire

Jaroma also contends that the trial judge's refusal to ask certain voir dire questions relevant to his theory of the case violated his right to an impartial jury.  Specifically, he contests the judge's refusal to ask potential jurors (1) whether they believed a police officer would ever purposely falsely accuse someone of a crime; and (2) whether they believed a police officer would ever manufacture or create evidence to secure a conviction.  The state contends that the trial judge sufficiently addressed the issue of the credibility of police witnesses by asking potential jurors whether they would be more likely to believe the testimony of a police officer than of a private citizen merely because the person testifying was a police officer.

9

The trial court has broad discretion to address appropriate areas of concern during voir dire. United States v. Brandon, 17 F.3d 409, 442 (1st Cir.), cert. denied, 115 S. Ct. 80, and cert. denied, 115 U.S. 81 (1994). "Where government agents are apt to be key witness, the trial court, particularly if seasonably requested, should ordinarily make inquiry into whether prospective jurors are inclined to have greater faith in the agents' testimony merely by virtue of their official positions." United States v. Victoria-Peguero, 920 F.2d 77, 84 (1st Cir. 1990), cert. denied, 500 U.S. 932 (1991).

The court finds that the trial court adequately addressed the petitioner's concerns about police credibility and bias. The question the court posed to prospective jurors is standard in federal criminal prosecutions of this nature and, in the opinion of the court, adequately identified those members of the jury pool who would be unable to believe that the police could manufacture or tamper with evidence, or who otherwise would not be amenable to the petitioner's theory of the case. Accord State v. Jaroma, 137 N.H. 562, 571, 630 A.2d 1173, 1178 (1993). As such, no constitutional error occurred.

10

## Conclusion

The defendant's supplemental motion for summary judgment (document no. 40) is granted.  The clerk is ordered to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

June 5, 1996

cc:  Al Jaroma, pro se
     John C. Kissinger, Esquire